## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

CASTRO, MARIANO, pro se,

    Plaintiff,

  v.                                                                  No. CIV 12-0965 RB/GBW

LEE, VAUGHN, CCA/CCCC WARDEN,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court, *sua sponte* under Rules 1(b) and 4 of the Rules Governing Section 2254 Cases, on Plaintiff's [hereinafter "Petitioner"] Motion Pursuant [sic] the Writ of Habeas Corpus, 28 U.S.C. § 2241 (the "petition"). According to rule 1(b) of the Rules Governing Section 2254 Cases, "The district court may apply any or all of these [§ 2254] rules to a habeas corpus petition not [filed by a person in custody under a state-court judgment]." And under rule 4, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." For reasons set out below, the Court will dismiss Petitioner's petition.

Petitioner is confined in New Mexico, serving a sentence imposed by the United States District Court for the District of South Dakota. He alleges in his petition that the Federal Bureau of Prisons ("BOP") transferred him to New Mexico in spite of the sentencing court's recommendation to house him in Arizona. He asserts that the transfer affects "the health and also their [sic] well beings physically and mentally of Petitioner's minor daughters," Pet. 8, who reside in Arizona. Petitioner contends that the BOP's actions violate his and his family's rights under the Due Process Clause by denying " 'Children's rights to be able to visit with prisoner.' " Pet. 5. He states that he

has sought administrative relief "to be housed in an institution closer to his family." Pet. 6. The petition's opening paragraph asks the Court to grant him "a much needed transfer closer to his immediate family." Pet 1.

Petitioner's claim is not cognizable in this habeas corpus petition. As the United States Court of Appeals for the Tenth Circuit stated in another § 2241 proceeding, "The gravamen of [petitioner's] petition is not his release from custody, but his transfer. . . . The remedies available under § 2441 will not permit him that relief." *Green v. Knowles*, No. 98-1008, 1998 WL 458561, at \*\*2 (10th Cir. Aug. 3, 1998) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).

> In sum, Section 2241 may be used to challenge the underlying authority of an entity to hold a prisoner in custody, whether that entity is a separate jurisdiction or a private company. It may not be used to challenge a prisoner's placement within a given jurisdictional entity, such as the federal prison system. Such an action must instead be brought under *Bivens* [*v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),] or [42 U.S.C.] Section 1983.

*Boyce v. Ashcroft*, 251 F.3d 911, 914 (10th Cir. 2001). Under the cited authorities, because Petitioner seeks a transfer to another BOP facility "it plainly appears . . . that [Petitioner] is not entitled to relief" the Court will dismiss his petition. *See* Rule 4 of the Rules Governing Section 2254 Cases.

IT IS THEREFORE ORDERED that Petitioner's Motion Pursuant [sic] the Writ of Habeas Corpus, 28 U.S.C. § 2241 is dismissed without prejudice to his right to seek relief under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), or 42 U.S.C. § 1983; and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE